# United States District Court
# Middle District of Tennessee

Jesse LaPrade, et al.

V.

Energy Automation Systems, Inc. et al.

CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT

2:06-mc-3344-F

Case No: 3:03-0469

    I, Keith Throckmorton, Clerk of this United States District Court certify that the attached judgment, final taxation of costs, and memorandum and order reducing the final taxation of costs, are true and correct copies of the original judgment, final taxation of costs, and memorandum and order entered in this action on August 8, 2005, November 7, 2005, and February 2, 2006, respectively, as they appear in the records of this Court, and that no notice of appeal from this judgment or the taxation of costs has been filed and no motion of any kind listed in Rule 4(a) the Federal Rules of Appellate Procedure has been filed.

    IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on October 18, 2006.

Keith Throckmorton, Clerk

*[signature]*
(By) Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JUDGMENT IN A CIVIL CASE

2:06-mc-3344-F

| | |
|---|---|
| JESSE LAPRADE and | ) |
| ENERGY SAVING CONCEPT | ) Civil Action No. 3:03-0469 |
| ORGANIZATION, L.L.C. | ) JUDGE ECHOLS |
| | ) |
| V. | ) |
| | ) |
| ENERGY AUTOMATION SYSTEMS, | ) |
| INC., and JOSEPH C. MERLO | ) |

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U.S. District Court
Middle District of Tennessee

By_____
Deputy Clerk

☑ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

○ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that the jury found as follows:

The jury found that Plaintiffs did not prove by a preponderance of the evidence that Defendant Energy Automation Systems, Inc. ("EASI") and Defendant Joseph C. Merlo intentionally misrepresented or intentionally failed to disclose material facts to plaintiff concerning plaintiffs' purchase of a dealership from Defendant EASI.

The jury found that plaintiffs did not prove by a preponderance of the evidence that Defendant EASI and Defendant Joseph C. Merlo made promises to plaintiffs without an intent to perform those promises (promissory fraud) to plaintiffs concerning plaintiffs' purchase of a dealership from Defendant EASI.

1

The jury found that Plaintiffs <u>did</u> prove by a preponderance of the evidence that Defendant EASI and Defendant Joseph C. Merlo negligently misrepresented or negligently failed to disclose material facts to plaintiffs concerning plaintiffs' purchase of a dealership from Defendant EASI.

With regard to the negligent misrepresentation claim, the jury found that Defendants proved by a preponderance of the evidence that Plaintiff Jesse LaPrade and Plaintiff Energy Saving Concept Organization, L.L.C. were also at fault.

The jury assessed percentages of fault as follows: Plaintiff Jesse LaPrade - 30%; Plaintiff Energy Saving Concept Organization, L.L.C. - 30%; Defendant EASI - 20%; Defendant Joseph C. Merlo - 20%. The jury awarded no compensatory damages.

**JUDGMENT IS HEREBY ENTERED IN FAVOR OF DEFENDANT EASI AND DEFENDANT JOSEPH C. MERLO IN ACCORDANCE WITH THE VERDICT OF THE JURY.**

August 5, 2005
DATE

KEITH THROCKMORTON, CLERK

*Vicki R. Kinkade*
BY: VICKI R. KINKADE
DEPUTY CLERK

2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Jesse LaPrade and Energy Saving Concepts LLC | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) Case No. 3:03-0469 ) Judge Echols ) Magistrate Judge Brown |
| Energy Automation Systems, Inc. and Joseph C. Merlo | ) ) ) |
| Defendants | ) |

2:06-mc-3344-F

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U.S. District Court
Middle District of Tennessee

By_____
Deputy Clerk

Final Taxation of Costs

A Notice of Taxation of Costs was entered by the Clerk in this case on August 24, 2005 (Docket Entry No. 176). In that Notice, the Clerk found meritorious Plaintiff's objections to Defendants' Bill of Costs on the basis that the Bill did not contain sufficient documentation and detail to support the costs sought. The Clerk did not address, and will not address here, Plaintiff's objections based upon its alleged inability to pay or its argument that Defendants were not the prevailing parties. Those questions are best left to the discretion of the Court. On September 6, 2005, the Clerk entered a Taxation of Costs (Docket Entry No. 179) as required by Local Rule 13(d). The parties had five days thereafter to file exceptions to the Taxation of Costs. On September 12, 2005, Defendants filed Exceptions and a Supplemental Declaration (Docket Entries 180 & 181) providing additional support and documentation for their Bill of Costs. These filings were timely given the intervening weekend. On September 16, 2005, Plaintiff filed a Reply to Defendants' Exceptions (Docket Entry No. 182) and on October 11, 2005, Plaintiff filed a Supplemental Filing in Response to Defendants' Exceptions (Docket Entry No. 186). While Local Rule 13(d) does not specifically permit the filing of such responses and they were not filed within the five day period for exceptions permitted under the rule, these were reviewed and considered by the Clerk.

Based upon a review of the foregoing filings, the Clerk has determined that the initial

deficiencies objected to by Plaintiff related to the Bill of Costs have been cured by the Defendants. With the filing of their Exceptions, Defendants have provided documentation and reasoning by which the Clerk can conclude that the costs sought to be taxed were both reasonable and necessarily incurred in the defense of the case. In addition, it appears from the declaration submitted by counsel that Defendants costs were less than half those incurred by Plaintiff in prosecuting the case (Supplemental Declaration of John R. Jacobson, D.E. No. 181 at section 6). Under these circumstances, the Clerk cannot state that Defendants costs of $16,271.01 were unnecessary or unreasonable.

Accordingly, costs will be taxed in favor of Defendants in the amount of $16,271.01.

### Local Rule 13(d)

In accordance with Local Rule 13(d), the parties have five days to move the Court for a review of this Final Taxation.

*s/ Keith Throckmorton*
Keith Throckmorton
Clerk of Court

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JESSE LAPRADE and ENERGY SAVING CONCEPTS ORGANIZATION, L.L.C., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:03-0469 ) JUDGE ECHOLS ) |
| ENERGY AUTOMATION SYSTEMS, INC. and JOSEPH C. MERLO, | ) ) ) |
| Defendants. | ) |

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U S. District Court
Middle District of Tennessee

By _____
Deputy Clerk

**MEMORANDUM**

Pending before the Court is Plaintiffs' Motion To Review Final Taxation of Costs By the Clerk of Court (Docket Entry No. 191), to which the Defendants responded. For the reasons stated below, Plaintiffs' Motion to Review is hereby GRANTED. Having carefully reviewed the parties' submissions, the Court reduces the Clerk's Final Taxation of Costs under 28 U.S.C. § 1920 from $16,271.01 to $8,615.26.

On timely motion of a party, the Court may review the costs taxed by the Clerk. Fed.R.Civ.P. 54(d)(1). The Court has broad discretion to allow or disallow the particular items listed in 28 U.S.C. § 1920. BDT Prods., Inc. v. Lexmark Int'l, Inc., 405 F.3d 415, 419 (6th Cir. 2005). The party objecting to the Clerk's taxation of costs has the burden to persuade the Court that error occurred. Id. at 420.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the

1

prevailing party unless the court otherwise directs." The Rule raises a presumption in favor of awarding costs, but the Court may deny costs in its discretion. McDonald v. Petree, 409 F.3d 724, 732 (6th Cir. 2005). The circumstances of the case may counsel against awarding costs where the expenditures by the prevailing party were unnecessary or unreasonably large, where the prevailing party should be penalized for prolonging trial or for injecting non-meritorious issues, where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the other party, or where the case was "close and difficult." White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986). The Court must ignore inappropriate factors such as the ability of the prevailing party to pay his own costs. Id. Other factors may be considered but, in the absence of other relevant factors, they do not warrant an exercise of discretion under Rule 54(d), including the good faith of the losing party in prosecuting the action, and the propriety with which the losing party conducted the litigation. Id.

Plaintiffs object to the Clerk's Final Taxation of Costs in the total amount of $16,271.01 on the following three grounds: (1) Defendants were not the true "prevailing parties"; (2) costs sought for deposition expenses are excessive; and (3) the case was "close and difficult."

The Court finds that Defendants are the "prevailing parties" in the case. See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources, 532 U.S. 598, 603 (2001).

Before trial, the Court dismissed Plaintiffs' Tennessee Consumer Protection Act claim as time-barred. The jury expressly found that Defendants did not make intentional misrepresentations or intentionally fail to disclose material facts to the Plaintiffs. The jury also found Defendants did not commit promissory fraud. Although the case was close and difficult, and the jury found that Defendants negligently made misrepresentations or failed to disclose material facts, the jury also determined that Plaintiffs' fault was comparatively greater than Defendants'. Thus, as Tennessee law directs, the jury did not award Plaintiffs any damages. The Court entered Judgment in favor of Defendants in accordance with the jury's verdict. Defendants are the prevailing parties, and the Court finds they are entitled to certain costs. Cf. Weseloh-Hurtig v. Hepker, 152 F.R.D. 198, 200 (D. Kan. 1993) (awarding full costs to prevailing plaintiff even where jury assessed her comparative fault at forty-five percent (45%)).

Ordinarily, the prevailing party is allowed to recover the cost of taking and transcribing depositions reasonably necessary for use in the litigation. Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989). "Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." Id.

Defendants seek costs for the depositions of Plaintiff Jesse LaPrade (videotape, $810.00), Defendant Joseph Merlo (transcript, $480.90 and videotape, $150.00), EASI's President, Paul Bleiweis (transcript, $915.95 and videotape, $300.00), EASI employee, Rafael

3

Larios (transcript, $488.00), Betty LaPrade and John LaPrade (transcripts, $593.00), Clive Bruce Robinson and Carolyn Robinson (transcripts, $1,374.80), and Gaines Smith (transcript, $423.85). The Court finds these depositions were reasonably necessary for use in the litigation. See Sales, 873 F.2d at 120.

Although the Court may permit recovery for the cost of both videotaping and transcribing depositions, BDT Prods., Inc., 405 F.3d at 420, the Court in its discretion will allow in this case only the cost of the Plaintiff's videotaped deposition and copies of transcripts of the remaining depositions. Deaton v. Dreis & Krump Mfg. Co., 134 F.R.D. 219, 223 (N.D. Ohio 1991). The Court notes that the invoice for the videotaped deposition of Plaintiff Jesse LaPrade also includes "John LaPrade additional hours," but the invoice does not specify how many of the seven (7) additional hours charged pertained to John LaPrade's deposition. The Court will deduct two hours at the charged rate of $75.00 per hour, as Defendants are already receiving reimbursement for a copy of John LaPrade's deposition. Therefore, the amount requested by Defendants will be reduced by $600.00 (Merlo videotape, $150.00; Bleiweis videotape, $300.00; John LaPrade videotape, $150.00). Further, Defendants may recover for copies made of videocassettes Plaintiff produced in discovery ($103.33).

The Court will not allow recovery for the cost of the final pretrial conference transcript ($174.90). Although the Court ruled on several motions in limine during the final pretrial conference, Defendants' attorneys could refer to their notes and the Court

issued an Order stating its rulings after the pretrial conference. The Court does not believe the transcript was necessarily obtained for use at trial. See Sales, 873 F.2d at 120.

Defendants list within the requested "Fees of the court reporter" the amount of $348.18 for "Service Fee on C. Robinson and B. Robinson." This charge appears to relate to private process server fees incurred to serve deposition subpoenas and witness fees on the Robinsons in Alabama. The charge of $174.09 for each deponent includes a "Rush Fee" of $35.00. The Court will not allow $70.00 in "Rush Fees." Otherwise, Defendants are entitled to reimbursement for process fees and witness fees under § 1920, and $278.18 will be allowed.

The Court will not allow the $1,368.02 requested for expedited transcription at trial. Defendants obtained expedited transcripts of Plaintiffs' opening statement and the testimony of Plaintiff Jesse LaPrade and Richard Fowler. Having presided over the trial, the Court finds these charges for expedited services were not reasonably incurred. Cf. Parker v. Town of Swansea, 310 F. Supp.2d 376, 401 (D. Mass. 2004).

Defendants seek recovery for $1,485.00 incurred in preparing video clips to use as abbreviated impeachment of witnesses at trial. Although this charge is listed in "Fees of the court reporter," the request is more aptly characterized as a fee for exemplification. The method of exemplification must be reasonably necessary to the presentation of information and not merely a convenience or an extravagance. Cefalu v. Village of Elk Grove,

5

211 F.3d 416, 428-429 (7th Cir. 2000); Affymetrix, Inc. v. Multilyte Ltd., 2005 WL 2072113 at *4 (N.D. Cal. Aug. 26, 2005). While the use of a clip from a videotaped deposition may be a more effective method of impeachment, the Court finds for purposes of § 1920 that video was not reasonably necessary to the impeachment. The same result could have been accomplished by use of a deposition transcript. Therefore, the Court will disallow the charge.

Finally, as the Court stated in its Memorandum denying Plaintiffs' Motion for New Trial, the parties hotly contested the issues. This was a close case, and Plaintiff acted in good faith in prosecuting the case. Considering all of the circumstances, however, the Court finds that the case was not so "close and difficult" that Defendants, as the prevailing parties, should be precluded from recovering any of their costs. This case can be distinguished on its facts from Miller v. Dacus, No. 03-2701 (W.D. Tenn. 2005), and particularly because Plaintiffs do not claim they are indigent, as Miller claimed in that case.

The Court notes that Defendants seek $3,957.83 for postage, copies, long distance telephone, and fax expenses. Charges for postage, long distance, and fax do not qualify as costs that may be assessed under § 1920.[1] See Hadix v. Johnson, 322 F.3d 895, 899 (6th Cir. 2003) (holding costs include only those categories listed

---

[1] Expenditures for fax, long distance, postage, and office copying charges qualify as expenses if attorney's fees are granted, but the Court denied Defendants' request for attorney's fees and expenses incurred in defending Plaintiffs' untimely Tennessee Consumer Protection Act claim. (Docket Entry No. 194, Order.)

6

in § 1920 and postage does not qualify); <u>Ortega v. IBP, Inc.</u>, 883 F. Supp. 558, 562-563 (D. Kan. 1995) (holding fax services and long distance telephone charges do not qualify as costs under § 1920). Additionally, the billing invoices defense counsel submitted to their clients on a monthly basis aggregated in one category all office expenses for "Postage, copies, long distance and fax charges." (Docket Entry No. 181-4, Ex. C.) Defense counsel confirms that administrative records do not allow for a more detailed description of these charges. (Docket Entry No. 181-1, Jacobsen Aff. at ¶ 5.) Because the Court cannot discern how much of the expense related to office copies or the purpose of the copies, the Court must find that Defendants have not established the office copying costs were charges "necessarily obtained for use in the case" as required by § 1920. Thus, the Court will disallow as costs under § 1920 the $3,957.83 requested for postage, copies, long distance, and fax charges.

Accordingly, the Final Taxation of Costs will be reduced by a total of $7,655.75 from $16,271.01 to $8,615.26.

An appropriate ORDER will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JESSE LAPRADE and ENERGY SAVING CONCEPTS ORGANIZATION, L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> ENERGY AUTOMATION SYSTEMS, INC. and JOSEPH C. MERLO, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 3:03-0469 <br> ) JUDGE ECHOLS <br> ) <br> ) <br> ) <br> ) <br> ) |

<u>ORDER</u>

For the reasons stated in the accompanying Memorandum, Plaintiffs' Motion to Review Final Taxation of Costs By the Clerk of Court (Docket Entry No. 191) is hereby GRANTED. The Clerk's Final Taxation of Costs in favor of Defendants and against Plaintiffs is hereby reduced under 28 U.S.C. § 1920 by a total of $7,655.75 from $16,271.01 to $8,615.26.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U.S. District Court
Middle District of Tennessee

By_____
Deputy Clerk